# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, <br><br> Barney Ray Keisler and <br> Christina Krauss Keisler, <br><br><br> Debtors. | Case No. 17-03304-dd <br><br> Chapter 13 <br><br> **AMENDED[1] ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN** |

This matter is before the Court for confirmation of a chapter 13 plan filed by the debtors Barney Ray Keisler and Christina Krauss Keisler ("Debtors") on September 7, 2017. Transport Funding, LLC ("Transport Funding") objected to the plan on October 5, 2017. A hearing was held on October 10, 2017. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues this order.

## BACKGROUND

1.  Mr. Keisler is a truck driver and is the sole member of Hookmaster Towing, LLC. In 2016, Hookmaster Towing, LLC purchased a 2011 Mack truck. Transport Funding financed the purchase. Mr. Keisler personally guaranteed the loan.

2.  Debtors' chapter 13 case was filed on July 3, 2017. Debtors filed a chapter 13 plan on the same date, proposing to pay $632.00 per month, with 5.25% interest, to Transport Funding for Mr. Keisler's "redemptive rights as guarantor in 2011 Mack Truck."

3.  Debtors' Schedule J reflects that Mr. Keisler earns $2,055.98 per month operating Hookmaster Towing, LLC and Mrs. Keisler earns $2,262.38 as a customer relations specialist.

---

[1] Transport Funding, LLC filed a Motion to Amend or Make Additional Findings on October 31, 2017 [Docket No. 28]. A hearing was held on November 16, 2017, and the Court now issues this Amended Order. The Motion sought additional findings as to the status of Transport Funding, LLC's claim.

The Schedule J also states that Mr. Keisler expects increased income in future months due to "abnormal down time and payment of nonrecurring expenses in recent months."

4.      Transport Funding filed a proof of claim on July 13, 2017, showing a total amount owed as $33,754.00.  The original proof of claim was filed as secured.  The interest rate listed was 19.20%.  The claim was amended on October 9, 2017, to change the claim to unsecured and to list the basis of the claim as "guaranty of corporate debt."

5.      Transport Funding filed an objection to confirmation on July 24, 2017, objecting to the plan because Mr. Keisler is solely a guarantor on the contract with Transport Funding, and therefore the truck is not an asset of the estate.[2]

6.      Debtors filed an amended plan on September 7, 2017, slightly increasing the payment to Transport Funding to $641.00 per month.  Transport Funding again objected to confirmation on the same basis.[3]

7.      To date, Transport Funding has not further amended its proof of claim to include attorney's fees incurred in pursuing Transport Funding's objection to confirmation.  However, Transport Funding's counsel stated at the confirmation hearing that he had an additional $2,400.00 in attorney's fees through confirmation.

## <u>ANALYSIS</u>

S.C. Code § 36-9-623 states:

(a) A debtor, any secondary obligor, or any other secured party or lienholder may redeem collateral.

(b) To redeem collateral, a person shall tender:
     (1) fulfillment of all obligations secured by the collateral; and
     (2) the reasonable expenses and attorney's fees described in Section 36-9-615(a)(1).

---

[2] Transport Funding's July 24 objection also stated that the insurance had lapsed on the truck.
[3] Transport Funding's second objection to confirmation does not reference insurance, and Transport Funding's counsel stated at the October 10 hearing that the truck is insured.

(c) A redemption may occur at any time before a secured party:
(1) has collected collateral under Section 36-9-607;
(2) has disposed of collateral or entered into a contract for its disposition under Section 36-9-610; or
(3) has accepted collateral in full or partial satisfaction of the obligation it secures under Section 36-9-622.

Debtors argue that as a guarantor and secondary obligor, Mr. Keisler is entitled to exercise his redemptive rights in the truck under S.C. Code § 36-9-623 and that those rights also allow him to restructure the debt through Debtors' chapter 13 plan. Transport Funding concedes that Mr. Keisler has a right of redemption under S.C. Code § 36-9-623, but contends that Debtors cannot restructure the payments through their plan; instead, Transport Funding argues that in order to exercise his right of redemption, Mr. Keisler must continue to comply with the original terms of the contract between Transport Funding and Hookmaster Towing, LLC.

Both parties rely on a Fourth Circuit case to support their arguments. In *Tidewater Finance Company v. Moffett (In re Moffett)*, 356 F.3d 518 (4th Cir. 2004), the debtor's vehicle was repossessed pre-petition by a creditor with a security interest in the vehicle. After the debtor filed a chapter 13 bankruptcy case, the debtor's attorney demanded return of the vehicle, but the creditor argued that the repossession stripped the debtor and the estate of all interests in the vehicle, except bare legal title and a right of redemption. *Id.* at 520. The creditor asked for relief from stay so that it could sell the vehicle, but the bankruptcy court denied the request, finding that the debtor's right of redemption became part of the bankruptcy estate. *Id.* The debtor's plan provided for full payment of the amount due under the contract over the life of the plan. *Id.*

The creditor appealed the bankruptcy court's ruling, and the district court affirmed. *Id.* The creditor again appealed, and the Fourth Circuit affirmed. *Id.* The Fourth Circuit found that under Virginia's UCC, the debtor had the right to redeem the vehicle at any time before the creditor

disposed of it.  *Id.* at 522.  Therefore, because the vehicle had not been disposed of when the debtor

filed her bankruptcy case, her right of redemption was an equitable interest included in her

bankruptcy estate.  *Id.*  The Fourth Circuit found that because the debtor's chapter 13 plan proposed

to exercise the right of redemption by paying the creditor in full over the life of the plan, the

creditor was adequately protected and was required to return the vehicle to the debtor.  *Id.*

Transport Funding relies on a portion of the Fourth Circuit's opinion in which the Court

stated that the debtor was properly exercising her right of redemption through her chapter 13 plan

by paying the full amount due under the contract.  The court then stated, "Specifically, the modified

plan requires Moffett to make the same monthly installment payments contemplated in the

purchase agreement directly to Tidewater Finance, and it provides for the trustee to cure the

existing delinquency with payments made over the course of the plan."  *Id.* at 523.  Transport

Funding construes this language to imply that exercising a right of redemption through a chapter

13 plan requires that the creditor's treatment in the plan be identical to the contract terms.

However, as Debtors point out, the very next paragraph in the Fourth Circuit's opinion

states:

> It is true that Moffett's reorganization plan does not provide for a lump sum
> payment of all outstanding debts.  However, even if the purchase agreement and §
> 8.9A-623 of the UCC require such acceleration of her debts upon default, the
> Bankruptcy Code entitles Moffett to restructure the timing of her payments in order
> to facilitate the exercise of her right of redemption.  Section 1322(b)(2) of the
> Bankruptcy Code permits debtors to modify the rights of holders of secured claims.
> Section 1322(b)(3) also allows debtors to cure their defaults.  Courts have
> recognized that the Bankruptcy Code permits debtors to restructure the timing of
> payments to secured creditors by de-accelerating debts, in order to allow debtors to
> regain collateral necessary to their financial recuperation.  Pursuant to these powers,
> the bankruptcy plan here provided for the payment of all future installments, the
> curing of all delinquent payments, and the payment of all applicable interest, over
> the course of the plan.  Such a flexible approach to repaying claims is precisely
> what the Bankruptcy Code allows in order to facilitate a debtor's successful
> rehabilitation.

4

*Id.* at 523 (internal citations omitted).

Judge Waites also addressed a situation substantially similar to the present case in *In re Brittain*, 435 B.R. 318 (Bankr. D.S.C. 2010).  In *Brittain*, the debtors were members of a limited liability company.  *Id.* at 320. The LLC entered into a security agreement with a creditor for the purchase of a truck, and the debtors both executed guaranties of the debt.  *Id.*  The LLC defaulted on the loan prepetition.  *Id.*  The debtors filed a chapter 13 case and proposed a plan that paid the debt owed to the creditor as a personal debt at 5.25%. *Id.* at 321.  The creditor objected to confirmation.  *Id.*

Judge Waites found that the debtors had no legal ownership interest in the truck, because it was clearly the property of the LLC.  *Id.* at 321-22.  However, Judge Waites then considered whether the debtors had an equitable interest in the truck.  *Id.* at 322-25.  While Judge Waites found that no equitable interest existed by virtue of the debtors' possessory interest in the truck or pursuant to a resulting trust, Judge Waites found that the debtors did have a right of redemption as guarantors.  *Id.* at 325.  Judge Waites stated:

> The Court believes the analysis and holding in *Moffett* are instructive for this case.
> If properly provided for in the schedules, statements, and a plan, it appears that a
> debtor, as guarantor, may assert a right of redemption as property of the estate, seek
> turnover to obtain personal possession of the applicable collateral, and provide for
> the exercise of the right of redemption through a Chapter 13 plan.

*Id.* at 325.  In *Brittain*, however, Judge Waites ultimately found that the debtors had not timely exercised the redemption right.  *Id.* at 326.

The Court agrees with Debtors' reading of *Moffett*.  Mr. Keisler's right of redemption became property of his bankruptcy estate upon the filing of his chapter 13 case.  As the Fourth Circuit pointed out in *Moffett*, section 1322(b) allows a debtor to modify the rights of holders of secured claims, as well as cure any defaults.  Section 506(a)(1) of the Bankruptcy Code defines a

secured claim as "[a]n allowed claim of a creditor secured by a lien on property in which the estate

has an interest." For a creditor to be considered secured, the debtor need not have legal title to the

collateral. It is sufficient that the debtor has an interest in the collateral. Under the Uniform

Commercial Code, Mr. Keilser, as a secondary obligor, has a right of redemption of the Mack

truck tractor and that interest is property of the estate. Because Transport Funding has a lien on

property in which the estate has an interest, its claim is a secured claim.

The Court notes that although the debtor in *Moffett* proposed to cure her default and

maintain regular installment payments on the contract, this is not the only permissible option under

section 1325(a)(5). Section 1325(a)(5) allows a chapter 13 debtor three options in treating a

secured claim: (1) pay the debt in full; (2) pay the value of the property securing the claim; or (3)

surrender the property. Thus, under the Bankruptcy Code, any of these options is available to

Debtors in exercising their right of redemption under their chapter 13 plan. Most frequently,

debtors retaining collateral will cure deficiencies and continue installment payments directly to the

creditor, as was the case in *Moffett*, or will pay the present value of the claim over time through

the plan, as is proposed in this case.

Debtors' plan proposes to pay Transport Funding's claim in full, at 5.25% interest, over

the life of the plan. Under *Moffett* and section 1322(b), this treatment is proper. However,

Debtors' plan does not currently include payment of Transport Funding's attorney's fees of

$2,400.00. In order to exercise Mr. Keisler's right of redemption, this amount, or whatever amount

is ultimately found reasonable following a dispute as to the fees, must be paid through Debtors'

plan as well.

In addition to its interpretation of *Moffett*, Transport Funding relies on a case from the

United States Bankruptcy Court for the Northern District of Illinois. In *In re Williams*, 474 B.R.

6

604 (Bankr. N.D. Ill. 2012), the court considered a debtor's motion to enforce the automatic stay based on the debtor's asserted right of redemption. The chapter 13 debtor owned a corporation that owned several busses. *Id.* at 605. The corporation obtained a loan from Fifth Third Bank and in exchange gave the bank a security interest in three busses. *Id.* The corporation defaulted, and the bank obtained a judgment in state court directing the corporation to turn over the busses. *Id.* The court, discussing *Brittain* in its opinion, found that the debtor's motion should be denied because the busses were not property of the estate and therefore the bank's repossession of them did not violate the automatic stay. *Id.* at 606. Further, the court stated that the right of redemption under the UCC "requires full payment of the underlying debt, rather than allowing periodic redemption payments through a Chapter 13 plan." *Id.* at 607.

The Court is not persuaded by *Williams*. First, and most importantly, the Court is required to follow Fourth Circuit precedent, and as discussed above, the Court construes *Moffett* to allow a debtor to exercise their right of redemption by making payments through a chapter 13 plan. Additionally, in this case, Mr. Keisler is the sole member of Hookmaster Towing, LLC, the owner of the truck, and his sole source of income involves the use of that truck. Not allowing Debtors to pay Transport Funding through their plan would likely at the least seriously impede Debtors' ability to successfully complete their plan, and at worst would prevent them from being able to continue in their chapter 13 case. As stated in *Moffett*, "To hold otherwise would deprive Moffett and other debtors of the rights and protections afforded to them by the Bankruptcy Code, and it would thereby undermine their chances for successful financial rehabilitation." *Moffett*, 356 F.3d at 520. This result would be inconsistent with the Bankruptcy Code, including section 1322(b).

## <u>CONCLUSION</u>

Debtors may exercise Mr. Keisler's right of redemption by making payments to Transport Funding through their chapter 13 plan.  Because Debtor's chapter 13 plan filed September 7, 2017 does not include Transport Funding's attorney's fees, confirmation of the September 7, 2017 plan is denied.  Debtors can amend their plan within fourteen (14) days of the date of entry of this order to include payment of additional reasonable attorney's fees to Transport Funding.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/21/2017**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 11/21/2017